**Cynthia Savitania TJAY, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

**No. 08–4373–ag.**

United States Court of Appeals, Second Circuit.

May 19, 2009.

H. Raymond Fasano, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Gregory M. Kelch, Attorney, Office of Immigration Litigation, Civil Di-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(C)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Attorney General Michael B. Mukasey as respondent in this case.

vision, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT D. SACK, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Cynthia Savitania Tjay, a native and citizen of Indonesia, seeks review of an August 6, 2008 order of the BIA denying her motion to reopen her removal proceedings. *In re Cynthia Savitania Tjay,* No. A95 467 682 (B.I.A. Aug. 6, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA properly denied Tjay's motion to reopen as untimely and number-barred where it was her third motion to reopen, and she filed it almost four years after her 2004 final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision).

Tjay does not challenge the BIA's finding that she failed to demonstrate changed country conditions that would warrant reopening her proceedings, thus waiving any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Without a showing of changed country conditions, the BIA did not abuse its discretion in denying Tjay's motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu,* 485 U.S. 94, 104–105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

* Pursuant to Federal Rule of Appellate Proce-

Tjay's argument that her proceedings should be reopened due to an alleged change in law is without merit. Our decision in *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007) does not reflect a change in the law. In that case, we remanded the petitioner's proceedings to the BIA because it had failed to address his pattern or practice claim in the first instance. *Id.* at 89. Here, however, the BIA properly considered Tjay's pattern or practice claim in denying her first motion to reopen. On review in this Court, we agreed with the BIA's finding. *See Tjay v. Gonzales,* 206 Fed.Appx. 45 (2d Cir.2006). Accordingly, we find no error in the BIA's denial of Tjay's third motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.